J-S27031-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN HARPER | : | |
| | : | |
| Appellant | : | No. 2707 EDA 2023 |

Appeal from the Judgment of Sentence Entered September 21, 2023
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0000400-2022

BEFORE:   LAZARUS, P.J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED DECEMBER 17, 2024**

Appellant John Harper appeals from the judgment of sentence entered by the Court of Common Pleas of Delaware County after Appellant was convicted of Driving Under the Influence (DUI) of a Combination of Drugs and Alcohol[1] along with traffic violations.  Appellant claims there was insufficient evidence to support his DUI conviction.  After careful review, we affirm.

Appellant was charged with the aforementioned offenses after he was required to submit to a traffic stop conducted by Pennsylvania State Trooper Thomas Platt on September 25, 2021. The entire interaction was recorded by the dashcam on Trooper Platt's patrol vehicle. The trial court aptly summarized the factual background of this case as follows:

---

[*] Former Justice specially assigned to the Superior Court.
[1] 78 Pa.C.S.A. § 3802(d)(3) (second offense).

On September 25, 2021, at approximately 1:58 in the morning, Trooper Platt was on patrol in the area of I-95 southbound near the Delaware State line. He observed a vehicle traveling northbound coming from Delaware without headlights or taillights activated. Trooper Platt used the turnaround to enter the I-95 northbound traveling lanes. As he followed the vehicle, it continued to drive northbound without any taillights or headlights activated. The vehicle was also changing lanes from the center lane to the left lane without using a turn signal.

Trooper Platt activated his emergency lights and sirens to conduct a traffic stop. Trooper Platt [identified Appellant] as the driver and sole occupant of the vehicle. As soon as [Appellant] opened the window, a large billow of marijuana smoke came out of the car. [Appellant] admitted he had been smoking a marijuana blunt. Trooper Platt asked [Appellant] about alcohol consumption. [Appellant] said he had a beer about an hour and half before the traffic stop.

At that time, Trooper Platt determined that it was appropriate to conduct standardized field sobriety tests. The first test administered was a walk-and-turn test. During the test, [Appellant] was unable to maintain balance, stepped offline, missed heel to toe, used his arms for balance and did an improper turn. The next test was the one-leg stand. [Appellant] put his foot down, used his arms for balance[,] and swayed. While administering the tests, Trooper Platt observed [Appellant's] eyes were bloodshot and glassy.

Based on the totality of his interaction with [Appellant], including [Appellant's] driving behavior, the large amount of burnt marijuana smoke within the vehicle, his admission [that] he consumed alcohol [and the marijuana blunt], his bloodshot and glassy eyes, and the results of the standardized field sobriety tests, Trooper Platt formed the opinion [Appellant] was under the influence of alcohol and drugs to a degree that rendered him incapable of safely operating a motor vehicle. Trooper Platt then arrested [Appellant] for suspicion of driving under the influence. Trooper Platt asked [Appellant] if he would submit to a blood draw. [Appellant] at first agreed, but then refused.

Trial Court Opinion (T.C.O.), 12/11/23, at 1-3 (line spacing added).

Upon his arrest, Appellant was charged with DUI under Section 3802(d)(3) as well as traffic violations for driving without his headlights and taillights at night[2] and changing lanes without signaling.[3] At the conclusion of the bench trial, the trial court convicted Appellant of all three charges.

On September 21, 2023, the trial court sentenced Appellant to five years' probation for the DUI charge and no additional penalty for the summary offenses. Appellant filed a timely appeal and complied with the trial court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises a single issue on appeal to challenge the sufficiency of the evidence supporting his DUI conviction under Section 3802(d)(3). Our standard of review is well-established:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all of the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be

---

[2] 75 Pa.C.S.A. § 4302(a)(1) ("Period for Requiring Lighted Lamps").
[3] 75 Pa.C.S.A. § 3334(a) ("Turning Movements and Required Signals").

considered. Finally, the finder of fact while passing upon the credibility of witnesses and weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Spence***, 290 A.3d 301, 309 (Pa.Super. 2023) (quoting ***Commonwealth v. Gause***, 164 A.3d 532, 540-41 (Pa.Super. 2017) (*en banc*) (citation omitted)).

As noted above, Appellant was convicted of DUI under Section 3802(d)(3), which prohibits an individual from driving a vehicle where the individual "is under the combined influence of alcohol and a drug or combination of drugs to a degree which impairs the individual's ability to safely drive … the vehicle." 75 Pa.C.S.A. § 3802(d)(3).

Appellant does not dispute that he was driving a vehicle during the relevant time period, but argues that the Commonwealth failed to show that he was under the combined influence of alcohol and a drug to a degree which impaired his ability to safely drive his vehicle. We disagree.

Section 3802(d)(3) does not specify any particular manner by which the Commonwealth is required to prove that the defendant was under the influence of a drug, alcohol, or combination thereof. This Court has noted that Section 3802(d)(3) "contain[s] no language requiring that impairment be established by blood tests." ***Commonwealth v. DiPanfilo***, 993 A.2d 1262, 1268 n.6 (Pa.Super. 2010) (citation omitted). We also recognize that "[e]vidence of consumption of a drug, standing alone, is insufficient to prove impairment. Instead, impairment evidence should be drawn from the totality of the factual circumstances." ***Spence***, 290 A.3d at 309 (citations omitted).

We further emphasize that in any DUI prosecution, "the fact that the defendant refused to submit to chemical testing ... may be introduced in evidence along with other testimony concerning the circumstances of the refusal." 75 Pa.C.S.A. § 1547(e). Although no presumption of guilt arises from a defendant's refusal to submit to blood testing, the factfinder may consider the refusal "along with other factors concerning the charge." *Id.* "Otherwise, one could use drugs, drive under the influence of those drugs, and avoid prosecution entirely simply by refusing a blood test. We refuse to countenance this absurd result." ***Commonwealth v. Caraballo***, ___A.3d___, 539 MDA 2023, at *4 (Pa.Super. Oct. 9, 2024) (quoting ***DiPanfilo***, 993 A.2d at 1268).

In this case, the trial court determined that Trooper Platt was a credible witness as to his observations of Appellant during the traffic stop in question. Trooper Platt testified that he saw Appellant driving his vehicle at approximately 1:58 in the morning on I-95 without his headlights and taillights illuminated and observed Appellant repeatedly change lanes without using his turn signal. When Trooper Platt approached Appellant's vehicle, he noticed smoke from burnt marijuana when Appellant rolled down the window of his vehicle.[4]

---

[4] Appellant suggests that the trial court should not have found Trooper Platt to be credible in testimony that there was burnt marijuana smoke in his vehicle as the trooper's dashcam footage does not show a cloud of smoke. However, in the dashcam video, which was recorded at approximately 1:58 a.m.,
*(Footnote Continued Next Page)*

When questioned further, Appellant admitted to smoking a marijuana blunt and conceded that he had consumed alcohol. Appellant exhibited signs of impairment during field sobriety testing and declined to consent to blood testing. By refusing to submit to a blood test, Appellant deprived the prosecution of evidence that could have supported its claim. Further, Appellant's decision to refuse the blood test supports an inference of Appellant's consciousness of guilt. ***See Caraballo***, ___A.3d___, 539 MDA 2023, at *4 (finding it logical for the factfinder to infer that a defendant's refusal of a blood test shows the defendant "was conscious of his own guilt and hoped to escape culpability by refusing chemical testing").

Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we find there was ample evidence to sustain Appellant's DUI conviction under Section 3802(d)(3).

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date:  12/17/2024

---

Trooper Platt is heard commenting on the smoke in Appellant's vehicle nearly immediately within the first minute of their interaction. Further, Appellant admitted to smoking a marijuana blunt. We do not disturb the credibility finding of the trial court, which is supported by the record.